IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

DON MERCELEANY R. MAXWELL/G-DOFFEE,
ADC #108778                                                                    PLAINTIFF

V.                          CASE NO. 5:17-CV-259-KGB-BD

VINESHIA BARNES, *et al*.                                                DEFENDANTS

## RECOMMENDED DISPOSITION

**I.**   **Procedure for Filing Objections:**

This Recommendation for the dismissal of Mr. Maxwell/G-Doffee's claims has been sent to Judge Kristine G. Baker. Any party may file written objections to this Recommendation. Objections should be specific and should include the factual or legal basis for the objection. To be considered, objections must be received in the office of the Court Clerk within 14 days.

If no objections are filed, Judge Baker can adopt this Recommendation without independently reviewing the record. By not objecting, parties risk waiving the right to appeal questions of fact.

**II.**   **Discussion:**

A.  Background

Don Merceleany R. Maxwell/G-Doffee, an Arkansas Division of Correction (ADC) inmate, filed this civil rights lawsuit without the help of a lawyer under 42 U.S.C. § 1983. (Doc. No. 2) In his complaint, Mr. Maxwell/G-Doffee alleged that he was held in administrative segregation for three hundred days without meaningful review; that ADC

officials retaliated against him by holding him in administrative segregation, rather than releasing him to general population; and that other similarly situated inmates were released to general population after serving their disciplinary sentences.

The Court previously dismissed Mr. Maxwell/G-Doffee's claims against Defendants Madden, Mitchell, Jack, Miller, Shines, Polk, and Iswell. (Doc. Nos. 5, 35) In addition, the Court limited Mr. Maxwell/G-Doffee's claims against Defendants McNutt, Emswell, and Kindall to his due process claim relating to his July 6, 2017 classification hearing. Finally, his claims against Defendant Hunter are limited to due process claims regarding his February 23, 2017, March 23, 2017, and April 27, 2017 classification hearings. (Doc. Nos. 92, 113)

All remaining Defendants have now moved for summary judgment on Mr. Maxwell/G-Doffee's remaining claims. (Doc. Nos. 128, 131) Mr. Maxwell/G-Doffee has responded to the motions. (Doc. Nos. 140, 141, 142)

B.  Standard

A party is entitled to summary judgment if—but only if—the evidence shows that there is no genuine dispute about any fact important to the outcome of the case. See FED. R. CIV. P. 56 and *Odom v. Kaizer*, 864 F.3d 920, 921 (8th Cir. 2017).

C.  Defendant Hunter's motion for summary judgment

In her motion, Defendant Hunter explains that she attended Mr. Maxwell/G-Doffee's classifications hearings on the dates in question as a medical representative. (Doc. No. 130-1 at pp.3, 6, 9) As a medical representative, Defendant Hunter did not serve as an official member of the classification committee and did not have the power to

2

vote. (Doc. No. 134 at p.2) Rather, Defendant Hunter attended the hearings solely to answer questions related to medical classification, restrictions, and limitations. (Doc. No. 130-2 at pp.1-2)

Based on this undisputed evidence, the Court cannot conclude that Defendant Hunter participated in any alleged violation of Mr. Maxwell/G-Doffee's due process rights.[1] Accordingly, she is entitled to judgment as a matter of law.

D. ADC Defendants' motion for summary judgment

1. Official Capacity Claims

Mr. Maxwell/G-Doffee's claims for money damages against the ADC Defendants in their official capacities are barred by sovereign immunity. A civil litigant cannot recover money damages from state actors sued in their official capacities. *Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989).

2. Individual Capacity Claims

a. Due Process Claims

According to the evidence presented, in November 2016, Mr. Maxwell/G-Doffee was initially assigned to punitive segregation based on his involvement in an altercation with another inmate. (Doc. No. 131-1 at p.6) In December 2016, Mr. Maxwell/G-Doffee

---

[1] Mr. Maxwell/G-Doffee includes the declaration of inmate Barry Turner in his response to the Defendants' motions for summary judgment. (Doc. No. 140 at p.39) Inmate Turner testifies that he overheard Defendant Hunter tell Defendant Burl that she did not want Mr. Maxwell/G-Doffee to be released from administrative segregation because she did not want him to harm "her homeboy Mohammed." (Doc. No. 140 at p.39) Even if true, this allegation does not rebut evidence that Defendant Hunter did not participate in the classification hearings.

was assigned to administrative segregation. (Doc. No. 131-1 at p.9) He complains that, following his assignment to administrative segregation, he was not provided written findings explaining why he should not be released from administrative segregation into general population. (Doc. No. 131-1 at p.12) In September 2017, Mr. Maxwell/G-Doffee was released from administrative segregation. (Doc. No. 131-1 at p.12)

A prisoner has a right to procedural due process only if he has a liberty interest at stake. *Sandin v. Conner*, 515 U.S. 472, 484 (1995); *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003). Inmates have no liberty interests at stake when they are assigned to administrative segregation for relatively short periods, even for a period of two years. *Rahman X v. Morgan*, 300 F.3d 970 (8th Cir. 2002). See also, *Orr v. Larkins*, 610 F.3d 1032, 1034 (8th Cir. 2010) (inmate was not deprived of liberty interest during nine months in administrative segregation) and *Furlough v. Brandon*, 2009 WL 4898418 (E.D. Ark. 2009) (inmate failed to state a due process claim after being assigned to administrative segregation for nearly nine months).

In his brief in support of his response to the Defendants' motions, Mr. Maxwell/G-Doffee attempts to characterize his assignment to administrative segregation (or restrictive housing) as an atypical and significant hardship. *Sandin v. Conner*, 515 U.S. 472, 115 S. Ct. 2293 (1995). Here, Mr. Maxwell/G-Doffee was held in administrative segregation for less than a year. Accordingly, he has failed to allege that he was denied a

liberty interest triggering the protection of the Due Process Clause. As a result, his due process claims must fail as a matter of law.[2]

    b.  Retaliation Claims

Mr. Maxwell/G-Doffee claims that Defendants Burl,[3] Barnes, Bentley, Stout, and Gardner retaliated against him based on his failure to "confess" to his involvement in the incident resulting in his state-court criminal charges in 2006. In addition, he alleges that these Defendants retaliated against him based on his use of the grievance procedure.

To prove a retaliation claim, Mr. Maxwell/G-Doffee must present evidence: that he engaged in constitutionally protected activity; that Defendants took adverse action against him that would chill a person of ordinary firmness from engaging in that activity; and that retaliation was the actual motivating factor for the adverse action. *Lewis v. Jacks*, 486 F.3d 1025, 1028 (8th Cir. 2007); *Revels v. Vincenz*, 382 F.3d 870, 876 (8th Cir. 2004). Furthermore, "[t]he lack of a temporal connection between the protected activity and the alleged retaliation dispels any inference of a causal connection." *Lewis*, 486 F.3d at 1029.

---

[2] In his brief in support of his response to the Defendants' motions, Mr. Maxwell/G-Doffee also alleges that the ADC Defendants violated ADC policy by failing to use the proper administrative review forms. (Doc. No. 141 at pp.29-30) The Defendants' failure to follow ADC policy is not a matter that rises to the level of a constitutional violation. *McClinton v. Arkansas Dep't of Corr.*, 166 Fed. Appx. 260 (8th Cir. 2006).

[3] Defendants state that Mr. Maxwel/G-Doffee has not asserted a retaliation claim against Defendant Burl. Because Defendant Burl was involved in several of Mr. Maxwell/G-Doffee's classification hearings, however, the Court includes Defendant Burl in its analysis of Mr. Maxwell/G-Doffee's retaliation claims.

First, nearly ten years ago, Mr. Maxwell/G-Doffee was convicted in state court of criminal charges for which he is currently incarcerated. (Doc. No. 140 at p.3) Although Mr. Maxwell/G-Doffee alleges that these Defendants asked him to confess to his participation in the underlying criminal activity in 2016, the time lag between that conviction and the Defendants' alleged retaliatory conduct is fatal to Mr. Maxwell/G-Doffee's retaliation claims.

Furthermore, other than his own self-serving allegations, Mr. Maxwell/G-Doffee has failed to present any evidence showing that these Defendants held him in administrative segregation based on any retaliatory motive. *Aunforo v. Comm'r*, 614 F.3d 799, 807 (8th Cir. 2010) (self-serving allegations and denials are insufficient to create a genuine issue of material fact).

Based on the disciplinary hearing papers presented, it appears that at Mr. Maxwell/G-Doffee's administrative review hearing held on December 28, 2016, Defendants Bentley and Stout assigned him to administrative segregation based on his "disciplinary history." (Doc. No. 131-2 at pp.4, 6) On January 4 and January 19, 2017, Defendants Burl, Bentley, and Stout[4] assigned him to administrative segregation based on "disciplinary history." (Doc. No. 131-2 at pp.12, 14, 20-21) On January 19, 2017, Mr. Maxwell/G-Doffee's review hearing papers indicate that, based on his refusal to

---

[4] According to the record, Defendant Gardner was also present at the January 4 and January 19, 2017 classification hearings, but she did not vote on whether Mr. Maxwell/G-Doffee should remain housed in administrative segregation. (Doc. No. 131-2 at pp.14, 29)

6

participate in the Step Down program, ADC officials assigned him to restrictive housing. (Doc. No. 131-2 at p.29) On March 23, 2017, Mr. Maxwell/G-Doffee requested to be released general population. Defendants Burl, Bentley, and Stout denied that request based on "his anger issues and inability to adjust." (Doc. No. 131-2 at pp.43, 45) They also cautioned Mr. Maxwell/G-Doffee that he could not be released to general population until he completed the Step Down program. (Doc. No. 131-2 at p.45) Again on April 27, 2017, Defendants Burl and Bentley advised Mr. Maxwell/G-Doffee that he could not be released to general population until he completed the Step Down program. (Doc. No. 131-2 at pp.51, 53) Finally, on June 1, 2017, Defendants Burl and Bentley recommended that he remain housed in administrative segregation based on his "disciplinary history." (Doc. No. 131-2 at p.59)

Because Mr. Maxwell/G-Doffee has failed to present any evidence to show that any of the Defendants refused to release him to general population in retaliation for his use of the grievance procedure, he has failed to create any dispute of material fact on this issue. Therefore, Defendants are entitled to judgment as a matter of law.

    c.  Equal Protection Claim

Mr. Maxwell/G-Doffee complains that Defendants violated his equal protection rights. "The heart of an equal protection claim is that similarly situated inmates were treated differently and that this difference in treatment bore no rational relationship to any legitimate penal interest." *Weiler v. Purkett*, 137 F.3d 1047, 1051 (8th Cir. 1998) (citing *Timm v. Gunter*, 917 F.2d 1093, 1103 (8th Cir. 1990)). Simply stated, an equal protection analysis begins with this question: Has the inmate provided evidence showing that he was

7

treated differently from others who were similarly situated? *Rouse v. Benson*, 193 F.3d 936, 942 (8th Cir. 1999).

Here, Mr. Maxwell/G-Doffee alleges that other inmates were released from administrative segregation 30 days after receiving disciplinary convictions, while he was not released for 270 days. In his brief in response to the Defendants' motions for summary judgment, Mr. Maxwell/G-Doffee lists a number of inmates who allegedly received disciplinary convictions for charges similar to his. He does not present evidence about how those inmates were "similarly situated." Specifically, he fails to allege that those inmates were convicted of the same underlying offenses as his or that those inmates had similar disciplinary histories. Without that evidence, Mr. Maxwell/G-Doffee cannot proceed on his equal protection claim; and Defendants are entitled to judgment as a matter of law on these claims.

### III. Conclusion:

The Court recommends that Defendants' motions for summary judgment (Doc. Nos. 128, 131) be GRANTED.[5] Mr. Maxwell/G-Doffee's claims should be DISMISSED, with prejudice.

DATED this 12th day of January, 2021.

_____
UNITED STATES MAGISTRATE JUDGE

---

[5] Here, the Court concludes that Mr. Maxwell/G-Doffee's claims fail as a matter of law. Accordingly, the Court did not address the ADC Defendants' argument that they are entitled to qualified immunity in this Recommendation.